1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMIE JENSEN, individually and on behalf of all others similarly situated, | CASE NO. [CASE #] |
| Plaintiff, | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| ROTO-ROOTER SERVICES COMPANY, an Iowa company | |
| Defendant. | |

Plaintiff Tamie Jensen brings this class action under the Telephone Consumer Protection Act against Defendant Roto-Rooter Services Company to stop its practice of sending unauthorized text messages promoting its plumbing services, and to obtain redress for all persons similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1.     This case challenges Defendant's practice of sending unauthorized text messages to consumers promoting its plumbing services.

CLASS ACTION COMPLAINT
Case No. [CASE #]

2.      Defendant's text messages violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation, nuisance, loss of time, and invasions of privacy that result from the receipt of such calls, lost value of cellular services paid for, and a loss of the use and enjoyment of their phones, including wear and tear to their phones' data, memory, software, hardware, and battery components, among other harms.

3.      Accordingly, Plaintiff seeks an injunction requiring Defendant to cease sending unsolicited text messages to consumers, as well as an award of actual and/or statutory damages and costs.

**PARTIES**

4.    Plaintiff Jensen is, and at all times relevant to the allegations in the complaint was, a Stanwood, Washington resident.  Plaintiff received Roto-Rooter's unauthorized text messages while physically located in this District.

5.    Defendant Roto-Rooter is an Iowa company headquartered in Ohio.

**JURISDICTION & VENUE**

6.    This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

7.    The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant's unauthorized telemarketing scheme was directed by Defendant to Plaintiff in this District as part of a nationwide text messaging campaign regularly involving text messages to other consumers in this District.

**FACTUAL ALLEGATIONS**

8.    Defendant owns and manages company-owned Roto-Rooter service locations and oversees national marketing efforts for all Roto-Rooter locations nationwide.[1]

---

[1] https://www.rotorooter.com/media/corporate-office/

CLASS ACTION COMPLAINT
Case No. [CASE #]

Eric R. Draluck
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

9.    To increase sales of Roto-Rooter services, and as part of a general marketing scheme, Defendant markets Roto-Rooter plumbing services using text messages to consumers.

10.   This case arises from Defendant's unsolicited text messages to Plaintiff and other consumers.

11.   On January 7, 10, 12, and 14, 2020, Defendant sent Plaintiff a series of substantively similar text messages from long code phone numbers starting with 141, without Plaintiff's consent.  For example, the January 10, 2020 text message read as follows:



12.    Plaintiff replied "STOP" in response to both the January 7 and January 10 text messages; notwithstanding, Defendant continued to text message Plaintiff on January 12 and January 14.

13.    The telephone number 833-510-6731 referenced in all of Defendant's text messages is a number used by Roto-Rooter to route inbound consumer calls to the appropriate Roto-Rooter location.  Upon investigation, when the number is called, a caller is prompted to enter their zip code and then is connected to a Roto-Rooter representative.

14.    Plaintiff has never provided her consent to Roto-Rooter to send her text messages to her cellular phone number using an automatic telephone dialing system.

CLASS ACTION COMPLAINT
Case No. [CASE #]

Eric R. Draluck
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

15.     Defendant's unsolicited texts were a nuisance that aggravated Plaintiff, wasted her time, invaded her privacy, diminished the value of the cellular services she paid for, caused her to temporarily lose the use and enjoyment of her phone, and caused wear and tear to her phone's data, memory, software, hardware, and battery components.

16.     In sending the unsolicited text messages at issue, Roto-Rooter, or a third party acting on its behalf, utilized an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator, or to dial telephone numbers from preloaded lists.  This is evident from the circumstances surrounding the text messages, including the text messages' commercial and generic content, that the text messages were unsolicited, and that they were sent from a long code, which is consistent with the use of an automatic telephone dialing system to send text messages.

17.     On information and belief, Roto-Rooter, or a third-party acting on its behalf, sent substantively identical unsolicited text messages *en masse* to the cellular telephone numbers of thousands of consumers.  This is evident from the text messages' commercial and generic content, that the text messages were unsolicited, that they were using an automatic telephone dialing system, and that other consumers have complained online regarding receiving the same incessant text messages.[2]

18.     To the extent the text messages were sent on Defendant's behalf to consumers, Defendant provided the third-party access to its records, otherwise controlled the content of the messages, and knew of, but failed to stop, the sending of the text messages in violation of the TCPA.

19.     Accordingly, Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

---

[2] https://findwhocallsyou.com/8335106731?CallerInfo

CLASS ACTION COMPLAINT
Case No. [CASE #]

Eric R. Draluck
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

**ATDS Class**: All persons who, on or after four years prior to the filing of the initial complaint in this action through the date of class certification, (1) were sent a text message to their cellular telephone number by or on behalf of Roto-Rooter, (2) using a dialing system substantially similar dialing system as used to text message Plaintiff, (3) for a substantially similar reason as Defendant texted Plaintiff.

20.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

21.     **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent unsolicited text messages to thousands of individuals who fall into the Class definition. Class membership can be easily determined from Defendant's records.

22.     **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained the same damages as a result of Defendant's uniform wrongful conduct.

23.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

CLASS ACTION COMPLAINT
Case No. [CASE #]

Eric R. Draluck
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

5

a)   How Defendant gathered, compiled, or obtained the telephone numbers of Plaintiff and the Class;

b)   Whether the text messages were sent using an automatic telephone dialing system;

c)   Whether Defendant's text messages were sent for the purpose of marketing Defendant's plumbing services;

d)   Whether Defendant sent some or all of the text messages without the consent of Plaintiff and the Class; and

e)   Whether Defendant's conduct was willful and knowing such that Plaintiff and the Class are entitled to treble damages.

24.   **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

25.   **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

26.   **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and

CLASS ACTION COMPLAINT
Case No. [CASE #]

Eric R. Draluck
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

1   expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

2   Thus, it would be virtually impossible for the individual members of the Class to obtain effective

3   relief from Defendant's misconduct. Even if members of the Class could sustain such individual

4   litigation, it would still not be preferable to a class action, because individual litigation would

5   increase the delay and expense to all parties due to the complex legal and factual controversies

6   presented in this case. By contrast, a class action presents far fewer management difficulties and

7   provides the benefits of single adjudication, economy of scale, and comprehensive supervision

8   by a single court.

9                                **FIRST CAUSE OF ACTION**
                                    **Violation of 47 U.S.C. § 227**
10                          **(On Behalf of Plaintiff and the ATDS Class)**

11       27.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 26 of this

12   complaint and incorporates them by reference.

13       28.     Defendant and/or its agents transmitted text messages to cellular telephone

14   numbers belonging to Plaintiff and the other members of the ATDS Class using an automatic

15   telephone dialing system.

16       29.     These solicitation text messages were sent without the consent of Plaintiff and the

17   other members of the ATDS Class.

18       30.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii), and as a result,

19   under 47 U.S.C. §§ 227(b)(3)(B)-(C), Plaintiff and members of the ATDS Class are entitled to a

20   minimum of $500 and a maximum $1,500 in damages for each violation.

21                                   **PRAYER FOR RELIEF**

22       **WHEREFORE**, Plaintiff Jensen, individually and on behalf of the Class, prays for the

23   following relief:

24       a)      An order certifying this case as a class action on behalf of the Class as defined

25       above, and appointing Plaintiff as the representative of the Class and her counsel as Class

26       Counsel;

CLASS ACTION COMPLAINT
Case No. [CASE #]

b)    An award of actual and/or statutory damages and costs;

c)    An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)    An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class; and

e)    Such further and other relief as the Court deems necessary.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**TAMIE JENSEN,** individually and on behalf of those similarly situated individuals

Dated: February 12, 2020

*s/ Eric R. Draluck*
Eric R. Draluck (WSBA No. 19881)
PO Box 11647
Bainbridge Island, WA 98110
Telephone: (206) 605-1424
edraluck@gmail.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

Robert Ahdoot*
*rahdoot@ahdootwolfson.com*
Bradley K. King*
*bking@ahdootwolfson.com*
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: (310) 474-9111

*Attorneys for Plaintiff and the Putative Class*

*\*Pro Hac Vice Motions Forthcoming*

CLASS ACTION COMPLAINT
Case No. [CASE #]