Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| TAMIE JENSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROTO-ROOTER SERVICES COMPANY, an Iowa company,<br><br>Defendant. | No. 2:20-cv-00223-JCC<br><br>MOTION FOR STAY<br><br>NOTE ON MOTION CALENDAR:<br>FRIDAY, APRIL 3, 2020 |

The constitutionality and interpretation of the statutory provisions at issue in this case are currently under review by the Supreme Court of the United States. While the Supreme Court considers whether to issue opinions that could render this case moot, Plaintiff Tamie Johnson ("Plaintiff") filed a class action complaint against Defendant Roto-Rooter Services Company ("Defendant") for allegedly violating the statutory provisions before the Supreme Court, and thus forced Defendant to engage in costly class action litigation when there is serious risk that this case must be dismissed after the Supreme Court issues its ruling(s). In the interest of all parties to this case and in the interest of judicial economy, Defendant moves the Court for a stay of all

MOTION FOR STAY – 1
Cause No.: 2:20-cv-00223-JCC

2619210 / 730.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

proceedings in this case pending the Supreme Court's decision in *Barr v. American Association of Political Consultants*, Appeal No. 19-631, *Facebook, Inc. v. Duquid*, Appeal No. 19-511, and *Charter Communications, Inc. v. Gallion*, Appeal No. 19-575.

## I. BACKGROUND

Plaintiff's claim arises out of the Telephone Consumer Protection Act (the "TCPA"). Generally speaking, the TCPA "prohibits the use of certain kinds of automated dialing equipment to call wireless telephone numbers absent advance consent." *ACA Int'l v. FCC*, 885 F.3d 687, 691 (D.C. Cir. 2018). Here, Plaintiff alleges that Defendant (or Defendant's agent) violated a subsection of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by sending "unsolicited text messages" to her and the putative class. (Compl. at ¶¶ 16, 30, Dkt. No. 1.)

The TCPA, and Section 227(b)(1)(A)(iii) in particular, has been a focus of significant appellate disagreement. *See Seefeldt v. Entm't Consulting Int'l*, No. 4:19-CV-00188, 2020 U.S. Dist. LEXIS 31815, at *3 (E.D. Mo. Feb. 25, 2020) ("The TCPA has been the subject of much appellate discourse lately."). Just recently in 2018, the D.C. Circuit invalidated over 10 years' worth of interpretative guidance from the Federal Communications Commission (the "FCC"), *ACA Int'l*, 885 F.3d at 691, which directly affected the definition and understanding of "automated dialing equipment" (also known as an "autodialer"), which lies at the "heart of the TCPA's prohibitive mandates," *Seefeldt*, 2020 U.S. Dist. LEXIS 31815, at *4. Since the D.C. Circuit's decision, federal courts have disagreed about the "autodialer" definition. *Compare Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018) (expanding definition of autodialer) *with Glasser v. Hilton Grand Vacations Company, LLC*, 2020 U.S. App. LEXIS 2481 (11th Cir. Jan. 27, 2020) (narrowing definition), *Dominguez v. Yahoo*, 894 F.3d 116 (3d Cir. 2017) (ruling consistent with *Glasser*).

MOTION FOR STAY – 2
Cause No.: 2:20-cv-00223-JCC

2619210 / 730.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

The definition of "autodialer" is only one aspect of the TCPA debate. In 2015, Congress amended Section 227(b)(1)(A)(iii) (the provision at issue in this case) to include a "debt-collection exemption," which excepted a class of otherwise impermissible TCPA communications from the TCPA. *See Am. Ass'n of Political Consultants, Inc. v. FCC*, 923 F.3d 159, 162 (4th Cir. 2019). The Fourth Circuit Court of Appeals found the exception to be unconstitutional and severed the exception to save the TCPA as a whole. *Id.* at 171–72; *see also Seefeldt*, 2020 U.S. Dist. LEXIS 31815, at *3 (describing decision to sever).

The definition of an autodialer, the constitutionality of Section 227(b)(1)(A)(iii), and the severability of any unconstitutional provision in Section 227(b)(1)(A)(iii) are issues that this Court will confront in this case. Fortunately, these complications could all be soon resolved. The Supreme Court is currently considering how the TCPA is affected by these appellate quagmires in three cases: *Barr*, *Duquid*, and *Gallion*. The Court accepted *Barr* and will consider whether the government-debt exception is constitutional and, if not, whether the provision is severable. As one court put it, the Court's decision in *Barr* "risks a potential total collapse of the TCPA without regard to the definitional problem. It seems likely that decision, at minimum, will come this term (oral argument has been set for April 22, 2020) . . . ." *Id.* at *9. In other words, there is a risk the Supreme Court could strike down the TCPA entirely, thus requiring complete dismissal of the above-captioned case.

*Duquid* and *Gallion* also involve challenges to the TCPA, with issues ranging from constitutionality to the definition of "autodialers." *See Gallion v. United States*, 772 F. App'x 604, 605 (9th Cir. 2019) (describing *Duquid* and severing unconstitutional provision). The definition of "autodialer" will be a focus of this case. The Supreme Court has not yet decided whether to accept *Duquid* and *Gallion*.

MOTION FOR STAY – 3
Cause No.: 2:20-cv-00223-JCC

2619210 / 730.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

There is substantial need for certainty on what is and what is not an autodialer before this case proceeds, and there must be certainty whether Plaintiff can even allege a violation of the TCPA if the TCPA is unconstitutional as a whole. Because the constitutionality of the TCPA issue has been accepted by the Supreme Court in *Barr*, and that issue itself could be dispositive of this case, and because the definition of "autodialer" could be affected by accepting or declining certiorari in other cases, Defendant moves for a stay of all proceedings pending a ruling from the Supreme Court in *Barr*, *Duquid*, and *Gallion*.

### III. LEGAL STANDARD

This Court has the power to stay this action pursuant to the "power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. No. American Co.*, 299 U.S. 248, 254 (1936). The Court may enter a stay when the Court finds "it is efficient for its own docket and the fairest course for the parties . . . pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quotation omitted).

Whether to grant a stay is in this Court's discretion. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citation omitted) (district courts have the "discretionary power to stay proceedings"). The Court must weigh the "competing interests which will be affected by the granting or refusal to grant a stay." *Robledo v. Randstad US, L.P.*, No. 17-CV-01003, 2017 U.S. Dist. LEXIS 181353, at *3–4 (N.D. Cal. Nov. 1, 2017) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These interests include (1) the possible damage resulting from the stay, (2) the hardship or inequity a party may suffer if required to go forward, and (3) the orderly course of

MOTION FOR STAY – 4
Cause No.: 2:20-cv-00223-JCC

2619210 / 730.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

justice measured in terms of simplifying or complicating issues, proof, and questions of law. *Hall*, 300 F.2d at 268.

## IV.   ARGUMENT

*Barr*, *Duquid*, and *Gallion* are before the Supreme Court, and each case will have a significant impact on this litigation. Although the Supreme Court has not yet decided whether to accept *Duquid* and *Gallion*, the Supreme Court accepted *Barr* and could issue a decision that requires dismissal of this case. Therefore, on balance, the interests of the parties and the Court weigh in favor of granting a stay pending a decision in *Barr*, *Duquid*, and *Gallion*.

### A.   The Potential Prejudice or Hardship to the Parties Weighs in Favor of a Stay.

As for the first (damage caused by stay) and second (hardship to Defendant if stay is not granted) factors, the balance of the potential prejudice or hardship weighs in favor of a stay. As for Plaintiff, Plaintiff will suffer little (if any) harm should the Court stay this case. Plaintiff's only potential damage is that of a delayed final judgment. Delay, however, is not sufficient to avoid a stay. As courts throughout the Ninth Circuit have recognized, a delay in recovering potential monetary damages is not sufficient prejudice to warrant the denial of a stay of proceedings. *See, e.g., CMAX, Inc. v. Hall*, 300 F.2d 265, 268–69 (9th Cir. 1962) (noting that a delay in proceedings would only delay recovery of damages and thus the non-movant had "not made a strong showing in support of its assertion that it will suffer irreparable damage and a miscarriage of justice"); *In re Am. Apparel S'holder Derivative Litig.*, No. CV-10-06576, 2012 U.S. Dist. LEXIS 146970, at *155 (C.D. Cal. July 31, 2012) ("A delay in recovering potential monetary damages is not sufficient prejudice to warrant denial of a stay."); *Liberty Surplus Ins. Corp. v. IMR Contractors*

MOTION FOR STAY – 5
Cause No.: 2:20-cv-00223-JCC

2619210 / 730.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

*Corp.*, No. CV-08-5773, 2009 U.S. Dist. LEXIS 37580, at 11 (N.D. Cal. Apr. 14, 2009) ("Further, a delay in recovering potential monetary damages is not sufficient harm to warrant a stay.").

This conclusion is particularly appropriate when, as is the case here, the Complaint suggests Plaintiff has not actually suffered harm or will suffer harm in the future should the Court not immediately intervene. Although Defendant acknowledges the law in this Circuit (while reserving the right to appeal that issue) that Plaintiff suffered injury to confer standing, *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017), Plaintiff has not alleged that she is entitled to any monetary relief related to any actual injury suffered because of the allegedly inappropriate text messages. Rather, her only allegation is that she is entitled to statutory damages because of a violation. See Compl. ¶ 30, Dkt. No. 1. These damages will not change while this case has been stayed, as the alleged violations have already occurred and the computation of damages is a mere calculation. Additionally, Plaintiff has not alleged that she (or any putative class member) received allegedly unauthorized text messages after January 14, 2020, or that this Court must quickly intervene to prevent future harm. Accordingly, Plaintiff will suffer little (if any) harm if a stay is granted.

The same cannot be said for Defendant if the stay is denied. Courts recognize that defendants bear the cost and inconvenience of asymmetric discovery in class action litigation. *See, e.g., Am. Bank v. City of Menasha*, 627 F.3d, 266 (7th Cir. 2010) (Posner, J.) (explaining that class action plaintiffs use "discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his [or her] suit."). Not surprisingly, therefore, when the Supreme Court granted certiorari in *Spokeo Inc. v. Robins*, 575 U.S. 982, 191 L. Ed. 2d 762 (2015), a case addressing standing under substantially similar legal issues present in this case, district courts did not hesitate to stay proceedings pending the Supreme

MOTION FOR STAY – 6
Cause No.: 2:20-cv-00223-JCC

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

2619210 / 730.0001

Court's review of a dispositive issue. *See, e.g., Larroque v. First Advantage LNS Screening Sols.*, No. 15-CV-04684, 2016 U.S. Dist. LEXIS 139, at *5 (N.D. Cal. Jan. 4, 2016 ("In contrast, Defendant will suffer significant hardship if the case is not stayed because it will be required to defend a large putative class action – engaging in expensive discovery and possibly class certification briefing – that may be rendered moot and unnecessary within the next six months by the *Spokeo* decision."); *Davis v. Nationstar Mortg., LLC*, No. 15-CV-4944, 2016 U.S. Dist. LEXIS 252, at *10 (E.D. Pa. Jan. 4, 2016) ("Defendants, by contrast, could be prejudiced if forced to expend substantial resources in litigation only for *Spokeo* to rule that this Court lacks jurisdiction to resolve this case."). If a stay is denied, Defendant will be forced to fully litigate this case, all while the Supreme Court could dispose of matters germane to this litigation.

On balance, Defendant submits that any harm it suffers by the denial of a stay outweighs any prejudice (if any) suffered by Plaintiff if the stay is granted. In fact, rather than harm parties by the issuance of any stay, a stay benefits all parties by preventing unnecessary upfront class action litigation expenses for Plaintiff and a costly defense for Defendant, all while this case may become moot after the Supreme Court addresses the constitutionality of the statutory provision at issue in this case. *Cf. Seefeldt*, 2020 U.S. Dist. LEXIS 31815, at *10–11 (recognizing a stay benefits both parties and the Court in light of *Barr*). This is particularly true when, as is the case here, the Supreme Court's rulings could either dispose of this case or significantly limit dispositive motions and debatable issues. *See Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) (noting the possibility that a party's claims will moot the litigation is "sufficient justification to warrant the stay"); *Waltman v. Dorel Juvenile Grp., Inc.*, No. 07-04029, 2009 U.S. Dist. LEXIS 77025, at *6 (E.D. Pa. Aug. 26, 2009 ("While the Court cannot predict with certainty how the Superior Court and/or Supreme Court of Pennsylvania will rule, the possibility that either

MOTION FOR STAY – 7
Cause No.: 2:20-cv-00223-JCC

2619210 / 730.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

court may rule that the release is valid, a ruling that would be dispositive of this entire case, is sufficient justification to warrant the stay.").

On balance, the first and second factors relevant to a stay analysis weigh in favor of granting a stay in this case. Any prejudice (if any) to Plaintiff is minimal if a stay is granted. Defendant, however, will be significantly prejudiced if it is required to unnecessarily bear the burden of costly class action litigation, all while a pending case before the Supreme Court could dispose of this action. Accordingly, Defendant's motion for stay should be granted.

### B. The Interests of Judicial Economy Weigh in Favor of a Stay.

The third and final factor (the orderly course of justice) also weighs in favor of a stay. As an initial matter, this case is still in its infancy, with the Complaint having only recently been filed, thus making any stay manageable for the parties and the Court. *See St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*, No. 4:15-CV-01215, 2015 U.S. Dist. LEXIS 150776, at *13 (E.D. Mo. Nov. 4, 2015) (staying a TCPA action where a Supreme Court decision was pending for, among other reasons, the "very young" age of the case).

Moreover, the constitutionality of the TCPA and the interpretation of the very provisions that will be at issue in this case are currently matters pending before the Supreme Court. The Supreme Court has already accepted one of those issues in *Barr*, and the Court may very well accept all of the issues as well. Should the motion be denied, the Court will certainly need to address Defendant's motions to dismiss, the inevitable class and discovery-related motions, and potentially, additional dispositive motions – all while the Supreme Court could issue a ruling that disposes of this case entirely. As the Eastern District of Missouri recognized, a stay is "appropriate" under the circumstances to "avoid exhausting judicial resources to decide things like defendants' multifaceted motion to dismiss, plaintiff's pending motion for class certification, and

MOTION FOR STAY – 8
Cause No.: 2:20-cv-00223-JCC

2619210 / 730.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

any possible discovery-related matters or summary judgment motions to follow which may prove fruitless. A (relatively) young case, at least from the standpoint of litigation efforts, if not time alone, favors staying this action." *Seefeldt*, 2020 U.S. Dist. LEXIS 31815, at *11.

Under the circumstances, Defendant submits that the orderly course of justice is simplified by a stay of proceedings so that the Supreme Court can issue its rulings and provide a roadmap for the parties and the Court to follow. *See In re Sprouts Farmers Mkt.*, No. MDL-16-02731, 2017 U.S. Dist. LEXIS 80323, *8–9 (D. Ariz. May 24, 2017) ("The Court finds that a stay is in the orderly course of justice, and in the interest of judicial economy, because the Supreme Court's *Morris* decision may foreclose Plaintiff's class claims. Thus, granting a stay may conserve resources which could be unnecessarily expended reviewing the adequacy of the pleadings, resolving discovery disputes, considering class certification, and deciding dispositive motions.").[1] Therefore, on balance, the orderly course of justice weighs in favor of a stay so that the Supreme Court can simplify matters in this case and, potentially, dispose of this case entirely.

## V.   CONCLUSION

This Court should stay all proceedings pending the Supreme Court's decisions in *Barr*, *Duquid*, and *Gallion*. The Supreme Court is positioned to simplify threshold issues in this case. In sum, the balance of the relevant factors weigh in favor of a stay. Therefore, Defendant moves

---

[1] *See also Cmty. State Bank v. Strong*, 651 F.3d 1241, 1247 (11th Cir. 2011) (noting that the court had previously "stayed its . . . proceedings" in the case "to await the Supreme Court's decision in *Vaden* [*v. Discover Bank*, 556 U.S. 49 (2009)], which raised a substantially similar jurisdictional question"); *Ass'n. for Disabled Americans, Inc. v. Fla. Int'l Univ.*, 405 F.3d 954, 956 (11th Cir. 2005) (noting that the "appeal was stayed pending the Supreme Court's decision in *Tennessee v. Lane*"); *Colby v. Publix Super Mkts., Inc.*, No. 11-0590, 2012 WL 2357745, at *2–3 (N.D. Ala. 2012); *accord, Anker v. Wesley*, 670 F. Supp. 2d 339, 341 (D. Del. 2009) (proceedings stayed after Supreme Court's grant of certiorari in relevant case); *Henderson v. Campbell*, No. 98-4837, 2007 WL 781966, at *3 (N.D. Cal. 2007) (same), *aff'd*, 322 F. App'x 551 (9th Cir. 2009); *Odneal v. Dretke*, 435 F. Supp. 2d 608, 611 (S.D. Tex. 2006) (same*), rev'd in part on other grounds*, 324 F. App'x 297 (5th Cir. 2009) (per curiam); *Michael v. Ghee*, 325 F. Supp. 2d 829, 831–33 (N.D. Ohio 2004) (same).

MOTION FOR STAY – 9
Cause No.: 2:20-cv-00223-JCC

2619210 / 730.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

the Court to stay these proceedings pending a decision in the aforementioned Supreme Court cases. Defendant submits that it will be responsible for notifying the Court of any change in status of those cases should the Court determine that any change in the stay is warranted based on the Supreme Court's pronouncements.

Dated this 18th day of March, 2020

FORSBERG & UMLAUF, P.S.

By: *s/ Martin J. Pujolar*
Martin J. Pujolar, WSBA #36049
901 Fifth Avenue, Suite 1400
Seattle, WA 98164-2050
Telephone: (206) 689-8500
Email: mpujolar@foum.law
Attorney for Defendant

Dated this 18th day of March, 2020

FORSBERG & UMLAUF, P.S.

By: *s/ Paul S. Smith*
Paul S. Smith, WSBA #28099
901 Fifth Avenue, Suite 1400
Seattle, WA 98164-2050
Telephone: (206) 689-8500
Email: psmith@foum.law
Attorney for Defendant

Dated this 18th day of March, 2020

DINSMORE & SHOHL, LLP

By: *s/ Karen S. Hockstad*
Karen S. Hockstad, Ohio State Bar #61308
191 W. Nationwide Blvd., Suite 300
Columbus, OH 43215
Telephone: (614) 628-6930
Email: Karen.hockstad@dinsmore.com
Attorneys for Defendant, *Pro Hac Vice*
MOTION FOR STAY – 10
Cause No.: 2:20-cv-00223-JCC

2619210 / 730.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, competent to be a witness herein.

On the date given below I caused to be served a true and correct copy of the foregoing **MOTION TO STAY** on the following individuals via the Court's ECF service:

Eric R. Draluck
P.O. Box 11647
Bainbridge Island, WA 98110
edraluck@gmail.com

Avi R. Kaufman
Kaufman P.A.
400 NW 26th Street
Miami, FL 33127
kaufman@kaufmanpa.com

Robert Ahdoot
Bradley K. King
Ahdoot & Wolfson, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
rahdoot@ahdootwolfson.com
bking@ahdootwolfson.com
*Attorneys for Plaintiff and the Putative Class*

DATED this 18th day of March, 2020 at Seattle, Washington.

Denise Mary Pope

MOTION FOR STAY – 11
Cause No.: 2:20-cv-00223-JCC

2619210 / 730.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX