THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMIE JENSEN, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br>    v.<br><br>ROTO-ROOTER SERVICES COMPANY, an Iowa company,<br><br>  Defendant. | CASE NO. C20-0223-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for a stay (Dkt. No. 14). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.  **BACKGROUND**

On February 12, 2020, Plaintiff filed a class action complaint against Defendant alleging claims arising under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Dkt. No. 1 at 1.) Plaintiff alleges that Defendant sent her a series of unsolicited text messages in January 2020; that Defendant's unsolicited texts were a nuisance that aggravated Plaintiff; that Defendant or a third-party agent used an automatic dialing system to send the messages; and that Defendant sent those messages *en masse* to thousands of other consumers. (*Id.* at 3–4.) Plaintiff

alleges that Defendant thereby violated 47 U.S.C. §§ 227(b)(1)(A)(iii)[1] and 227(b)(3)(B)–(C).[2] (*Id.* at 7.) Plaintiff seeks certification of the following class pursuant to Federal Rule of Civil Procedure 23(b): "[a]ll persons who, on or after four years prior to the filing of the initial complaint in this action through the date of class certification, (1) were sent a text message to their cellular telephone number [from Defendant]. . . ." (*Id.* at 5.)

Defendant moves to stay the proceedings in this case pending the Supreme Court's decision in *American Association of Political Consultants. Inc. v. FCC*, 923 F.3d 159 (4th Cir. 2019), *cert, granted sub nom. Barr v. American Association of Political Consultants. Inc.*, Appeal No. 19-631, and two other appeals, *Facebook, Inc. v. Duquid*, Appeal No. 19-511 and *Charter Communications, Inc. v. Gallion*, Appeal No. 19-575, in which the Supreme Court has not granted *certiorari*. (Dkt. No. 14.)

## II.   DISCUSSION

### A.   Legal Standard

The Court has discretion over whether to grant a stay of proceedings in its own court. *Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The length of a requested stay must be balanced against the strength of the justification for it. *Yong v. Immigration and Naturalization Serv.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (citing *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir.1976)). When "it is efficient for its own docket and the fairest course for the parties [is] a stay of an action before it," the Court may do so "pending resolution of independent proceedings which bear upon the case."

---

[1] 47 U.S.C. § 227(b)(1)(A)(iii) states that it is:
> [U]nlawful for any person . . . to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

[2] 47 U.S.C. §§ 227(b)(3)(B)–(C) sets forth a private right of action for violations of § 227(b)(1)(A)(iii).

*Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (internal quotations omitted). In such circumstances, the Court weighs "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyear*, 398 F.3d at 1110. These competing interests are: (1) the possible damage that could result from a stay; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) the orderly course of justice, "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* This rule does not require that the issues in the separate proceedings are necessarily controlling of the action before the Court. *See Leyva v. Certified Grocers of California Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180 (1952)).

### B. Entry of a Stay

The Court finds that the *Lockyear* factors weigh in favor of granting a stay in this case. First, staying these proceedings will cause little, if any, damage to the parties. A delay in recovering damages does not establish sufficient prejudice to deny a stay. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 168–69 (9th Cir. 1962). And a stay will not expose Plaintiff or the potential class to further injury. Defendant has not contacted Plaintiff or the potential class using an automatic dialing system since January 14, 2020. (*See* Dkt. No. 14 at 6). Any damages sought are statutory in nature and will not remedy any actual, monetary injuries.[3] (*See* Dkt. No. 1 at 4, 7–8.) Since the case is relatively new, the Court finds little risk in the loss of potential class members' contact information. (*See* Dkt. No. 16 at 6.) Therefore, the first factor weighs in favor of granting a stay.

Second, proceeding without a stay will cause hardship to Defendant. In class action suits,

---

[3] Plaintiff also argues that a stay may cause the loss of relevant evidence. (*See* Dkt. No. 16 at 4–5.) Plaintiff's argument concerns the spoliation of relevant evidence and thus is not weighed as a potential prejudice in the instant motion. However, the Court notes that "[s]howing evidence of spoliation of . . . documents" at a later date may merit giving an adverse jury instruction at any later trial. *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002) (citing *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991)).

defendants bear "asymmetric costs" of discovery that are burdensome and time-intensive. *See Am. Bank v. City of Menasha*, 627 F.3d 266 (7th Cir. 2010).[4] The Ninth Circuit has acknowledged that "being required to defend a suit, without more" does not constitute "a clear case of hardship." *See Lockyear*, 398 F.3d at 1112. But under the facts of this case, Defendant will be required to conduct class action discovery for "thousands" of potential class members. (*See* Dkt. Nos. 1 at 4, 14 at 6–7.) The Court finds that these potential costs would impose substantial hardship on Defendant. Therefore, the second factor weighs in favor of granting a stay.

Third, a stay would further the interests of orderly justice. *Barr v. American Association of Political Consultants*, Appeal No. 19-631, presents the issue of whether the government-backed debt collection exception in 47 U.S.C. § 227(b)(1)(A)(iii) violates the First Amendment. *See* Brief for the Petitioners, *Barr*, Appeal No. 19-631 at (I); (Dkt. No. 16 at 2.) As other district courts have noted, the Supreme Court may decide to strike the rest of § 227(b)(1)(A)(iii) along with the government-backed debt collection exemption. *See, e.g.*, *Sutor v. Amerigroup Corp.*, 2020 WL 2124180, slip op. at 1 (E.D. Va. 2020). Thus, the Supreme Court's decision may foreclose Plaintiff's claim entirely or clarify the law relevant to future motions for class certification and dismissal. Staying the proceedings at this juncture pending the Supreme Court's decision in *Barr* aligns with the Court's interests in conserving judicial resources. Therefore, the third factor weighs in favor of granting a stay.

## III.   CONCLUSION

In sum, the Court finds the risk of damage to Plaintiff or the potential class is outweighed by the risk of Defendant's costly discovery burdens and the Court's interest of orderly justice.

---

[4] Other federal district courts have noted class-action defendants' significant discovery burdens. *See, e.g.*, *Larroque v. First Advantage LNS Screening Sols.*, 2016 WL 39787, slip op. at 5 (N.D. Cal. 2016); *Davis v. Nationstar Mortg., LLC*, 2016 WL 29071, slip op. at 3–4 (E.D. Pa. 2016). These burdens are distinguishable from discovery burdens in single-plaintiff cases. *See, e.g.*, *Sutor*, 2020 WL 2124180, slip op. at 1.

1  Therefore, the Court GRANTS Defendant's motion to stay. The Court ORDERS that this case is
2  STAYED until the Supreme Court releases its decision in *Barr v. American Association of*
3  *Political Consultants. Inc.*, Appeal No. 19-631. The Court further ORDERS the parties to file a
4  joint status report within 14 days of the date the decision is issued that notifies the Court of the
5  Supreme Court's decision and proposes a new case schedule.

6  DATED this 14th day of May 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE