Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMIE JENSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROTO-ROOTER SERVICES COMPANY, an Iowa company,<br><br>Defendant. | No. 2:20-cv-00223-JCC<br><br>MOTION FOR EXTENSION OF STAY<br><br>NOTED FOR CONSIDERATION FRIDAY, AUGUST 7, 2020 |

The Supreme Court of the United States has granted certiorari in a case that will potentially resolve the definition of what is and what is not an auto-dialer for purposes of the TCPA. The split of authority on the issue directly involves the 9th Circuit and, accordingly, extending the current stay in this case, is appropriate and in the interest of all parties to this case and in the interest of judicial economy,

**I.   PROCEDURAL HISTORY**

On May 14, 2020, this Court issued a Stay Order  (ECF No. 21) in response to Defendant's Motion to Stay based upon three different cases – *Barr v. American Association of*

MOTION FOR EXTENSION OF STAY – 1
Cause No.:  2:20-cv-00223-JCC

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

*Political Consultants, Inc.,* No. 19-631, 2020 WL 3633780, --- S. Ct. --- (U.S. July 6, 2020), *Facebook, Inc. v. Duguid*, Appeal No. 19-511, and *Charter Communications, Inc. v. Gallion*, Appeal No. 19-575. After the parties' briefs were submitted, the U.S. Supreme Court issued its opinion in *Barr v. American Association of Political Consultants, Inc.*, No. 19-631, 2020 WL 3633780, --- S. Ct. --- (U.S. July 6, 2020). A copy of the U.S. Supreme Court's opinion was attached to Defendant's Notice of Supplemental Filing (ECF 22) as Exhibit A. While *Barr* left the TCPA intact minus the exemption for calls involving government-backed debt, the Supreme Court also granted certiorari in *Facebook, Inc. v. Duguid*, Appeal No. 19-511.[1] In *Duguid*, the issue before the Supreme Court is the definition of an "auto dialer," which is also a dispositive issue in the case before this Court. Because *Duguid* will be decided by the end of the Supreme Court's next term and involves an issue that is dispositive of the instant case, Roto-Rooter seeks an extension of the current Stay Order or, alternatively, reiterates its request for a stay pending the Supreme Court's decision in *Duguid*.

## II.   BACKGROUND

Plaintiff's claim arises out of the Telephone Consumer Protection Act (the "TCPA"). Generally speaking, the TCPA "prohibits the use of certain kinds of automated dialing equipment to call wireless telephone numbers absent advance consent." *ACA Int'l v. FCC*, 885 F.3d 687, 691 (D.C. Cir. 2018). Here, Plaintiff alleges that Defendant (or Defendant's agent) violated a subsection of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by sending "unsolicited text messages" to her and the putative class through the use of an autodialer. (Compl. at ¶¶ 16, 30, Dkt. No. 1.)

---

[1] Roto-Rooter notes that the U.S. Supreme Court denied certiorari in *Charter Communications, Inc. v. Gallion*, Appeal No. 19-575.

MOTION FOR EXTENSION OF STAY – 2
Cause No.: 2:20-cv-00223-JCC

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

Without rehashing the arguments made by Defendant in its Motion for Stay (ECF 14), there is substantial need for certainty on what is and what is not an autodialer before this case proceeds. Therefore, Defendant seeks a stay order pending a ruling from the Supreme Court in *Duguid*.

### III. LEGAL STANDARD

This Court has the power to stay this action pursuant to the "power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. No. American Co.*, 299 U.S. 248, 254 (1936). The Court may enter a stay when the Court finds "it is efficient for its own docket and the fairest course for the parties . . . pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quotation omitted).

Whether to grant a stay is in this Court's discretion. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citation omitted) (district courts have the "discretionary power to stay proceedings"). The Court must weigh the "competing interests which will be affected by the granting or refusal to grant a stay." *Robledo v. Randstad US, L.P.*, No. 17-CV-01003, 2017 U.S. Dist. LEXIS 181353, at *3–4 (N.D. Cal. Nov. 1, 2017) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These interests include (1) the possible damage resulting from the stay, (2) the hardship or inequity a party may suffer if required to go forward, and (3) the orderly course of justice measured in terms of simplifying or complicating issues, proof, and questions of law. *Hall*, 300 F.2d at 268.

///

///

MOTION FOR EXTENSION OF STAY – 3
Cause No.: 2:20-cv-00223-JCC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

## IV. ARGUMENT

*Duguid* is before the Supreme Court, and the decision of the Supreme Court will have a significant impact on this litigation because it presents both a constitutional challenge to the TCPA and the proper definition of an automatic telephone dialing system ("ATDS" or "auto dialer"). The definition of an auto dialer is subject to a large split of authority with the 3rd, 7th, and 11th Circuits disagreeing with the 2nd and 9th Circuits on the issue. In *Gadelhak v. AT&T Services*, 950 F.3d 458 (7th Cir. 2020), for example, the Seventh Circuit adopted a definition previously applied by the Third and Eleventh Circuits that a system will only qualify as an ATDS if it has the capacity to store or produce telephone numbers, *through the use of a random or sequential number generator* and to dial said numbers. *Gadelhak*, 950 F.3d at 464; *see also Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1308 (11th Cir. 2020) (the clause "using a random or sequential number generator" modified both "store" and "produce.") If the equipment used lacks either the ability to store or produce telephone numbers *using a random or sequential number generator*, the equipment is not an ATDS and liability under the TCPA cannot attach.

This standard is in line with other Circuits, notably the Third Circuit, which explained that "using a random or sequential number generator" to produce the "numbers to be called" is a quintessential quality of an "automatic telephone dialing system." *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018). Accordingly, "a predictive-dialing device is not an ATDS merely because it calls consumers from a preprogrammed list of numbers that was inputted into the device. Rather, the device itself must have the capacity to generate numbers." *Smith v. Navient Solutions, LLC*, No. 3:17-191, 2019 U.S. Dist. LEXIS 131231, at *21 (W.D. Pa. Aug. 4, 2019); *see also Fleming v. Associated Credit Services*, 342 F. Supp. 3d 563, 576 (D.N.J. 2018)

MOTION FOR EXTENSION OF STAY – 4
Cause No.: 2:20-cv-00223-JCC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

("Does a system that dials numbers from a list that was not randomly or sequentially generated when the list was created qualify as an ATDS? With only the statutory text to guide me, I am convinced that the answer is no.")

In accordance with the Seventh, Third and Eleventh Circuits, District Courts in Missouri, Rhode Island and New Jersey each recently dismissed TCPA claims because the systems at issue did not have the capacity to store or produce random or sequential telephone numbers and dial them. See, e.g. *Hand v. Beach Entm't Kc*, No. 4:18-cv-00668-NKL, 2020 U.S. Dist. LEXIS 188944 (W.D. Mo. 2020) *Smith v. Truman Rd. Dev., LLC*, No. 4:18-cv-00670-NKL, 2020 U.S. Dist. LEXIS 74330 (W.D. Mo. 2020) ("in order to qualify as an ATDS, a device must have the capacity to generate numbers randomly or sequentially."); *DeCapua v. Metro. Prop. & Cas. Ins. Co.*, No. 18-00590-WES, 2019 U.S. Dist. LEXIS 168061 (specifically following the 3rd, 7th, and 11th Circuits in holding that to qualify as an ATDS, a system must be able to randomly or sequentially generate telephone numbers); and *Eisenband v. Pine Belt Automotive, Inc.*, No. 17-8549 (FLW) (LHG), 2020 U.S. Dist. LEXIS 53369 (Mar. 27, 2020) (2003 and 2008 FCC orders were invalidaed by *ACA Int'l.*). Finally, the Southern District of Illinois followed suit in *Hagood v. Portfolio Recovery Assocs., LLC,* No. 3:18-cv-1510-NJR, 2020 U.S. Dist. LEXIS 47507 (S.D. Ill. Mar. 19, 2020). However, *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018) remains the law in the 9th Circuit which broadly defines an auto dialer to include any equipment that has the capacity to automatically store and dial numbers, regardless of whether it is used for that purpose. *Id.* at *1051 - *1052. In *Marks*, the 9th Circuit held that any device storing telephone numbers to be called, "whether or not those numbers have been generated by a random or sequential number generator," qualifies as an automatic telephone dialing system. *Id.* at *1043. Under this definition, unlike the definition adopted by the Third, Seventh, and Eleventh

MOTION FOR EXTENSION OF STAY – 5
Cause No.: 2:20-cv-00223-JCC

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

Circuits, there is no requirement that a device must be able to generate random or sequential numbers in order to qualify as an ATDS. *Id.* at *1052. As such, in *Marks*, the web-based marketing platform designed to send promotional text messages to a list of stored telephone numbers - including only numbers that had been manually entered by the web-based marketer or numbers provided by potential or current customers via text or website - still qualified as an ATDS even though the platform in question "lacked a random or sequential number generator, and did not have the potential capacity to add such a feature." *Id.* at *1048.

*Duguid* will squarely address this circuit split and clarify for this Court and the litigants the proper definition of an auto dialer for purposes of this litigation. Indeed, Facebook's Petition for Writ of Certiorari specifically set forth the following question to the Supreme Court: "Whether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator." Brief for Petitioner at ii, *Facebook, Inc. v. Duguid*, Appeal No. 19-511. Moreover, Petitioner specifically asked the Court to address the question to resolve the circuit split created by the Ninth Circuit's interpretation of ATDS in *Marks* and to "provide much-needed clarity and restore uniformity to courts and potential litigants across the nation." *Id.* at 23, 29-34.

### A. The Potential Prejudice or Hardship to the Parties Weighs in Favor of a Stay.

As for the first (damage caused by stay) and second (hardship to Defendant if stay is not granted) factors, the balance of the potential prejudice or hardship weighs in favor of a stay. As for Plaintiff, Plaintiff will suffer little (if any) harm should the Court stay this case. Plaintiff's only potential damage is that of a delayed final judgment. Delay, however, is not sufficient to

MOTION FOR EXTENSION OF STAY – 6
Cause No.: 2:20-cv-00223-JCC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

avoid a stay. As courts throughout the Ninth Circuit have recognized, a delay in recovering potential monetary damages is not sufficient prejudice to warrant the denial of a stay of proceedings. *See, e.g., CMAX, Inc. v. Hall*, 300 F.2d 265, 268–69 (9th Cir. 1962) (noting that a delay in proceedings would only delay recovery of damages and thus the non-movant had "not made a strong showing in support of its assertion that it will suffer irreparable damage and a miscarriage of justice"); *In re Am. Apparel S'holder Derivative Litig.*, No. CV-10-06576, 2012 U.S. Dist. LEXIS 146970, at *155 (C.D. Cal. July 31, 2012) ("A delay in recovering potential monetary damages is not sufficient prejudice to warrant denial of a stay."); *Liberty Surplus Ins. Corp. v. IMR Contractors Corp.*, No. CV-08-5773, 2009 U.S. Dist. LEXIS 37580, at 11 (N.D. Cal. Apr. 14, 2009) ("Further, a delay in recovering potential monetary damages is not sufficient harm to warrant a stay.").

This conclusion is particularly appropriate when, as is the case here, the Complaint suggests Plaintiff has not actually suffered harm or will suffer harm in the future should the Court not immediately intervene. Although Defendant acknowledges the law in this Circuit (while reserving the right to appeal that issue) that Plaintiff suffered injury to confer standing, *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017), Plaintiff has not alleged that she is entitled to any monetary relief related to any actual injury suffered because of the allegedly inappropriate text messages. Rather, her only allegation is that she is entitled to statutory damages because of a violation. See Compl. ¶ 30, Dkt. No. 1. These damages will not change while this case has been stayed, as the alleged violations have already occurred and the computation of damages is a mere calculation. Additionally, Plaintiff has not alleged that she (or any putative class member) received allegedly unauthorized text messages after January 14,

MOTION FOR EXTENSION OF STAY – 7
Cause No.: 2:20-cv-00223-JCC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

2020, or that this Court must quickly intervene to prevent future harm. Accordingly, Plaintiff will suffer little (if any) harm if a stay is granted.

The same cannot be said for Defendant if the stay is denied. Courts recognize that defendants bear the cost and inconvenience of asymmetric discovery in class action litigation. *See, e.g., Am. Bank v. City of Menasha*, 627 F.3d, 266 (7th Cir. 2010) (Posner, J.) (explaining that class action plaintiffs use "discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his [or her] suit."). Not surprisingly, therefore, when the Supreme Court granted certiorari in *Spokeo Inc. v. Robins*, 575 U.S. 982, 191 L. Ed. 2d 762 (2015), a case addressing standing under substantially similar legal issues present in this case, district courts did not hesitate to stay proceedings pending the Supreme Court's review of a dispositive issue. *See, e.g., Larroque v. First Advantage LNS Screening Sols.*, No. 15-CV-04684, 2016 U.S. Dist. LEXIS 139, at *5 (N.D. Cal. Jan. 4, 2016 ("In contrast, Defendant will suffer significant hardship if the case is not stayed because it will be required to defend a large putative class action – engaging in expensive discovery and possibly class certification briefing – that may be rendered moot and unnecessary within the next six months by the *Spokeo* decision."); *Davis v. Nationstar Mortg., LLC*, No. 15-CV-4944, 2016 U.S. Dist. LEXIS 252, at *10 (E.D. Pa. Jan. 4, 2016) ("Defendants, by contrast, could be prejudiced if forced to expend substantial resources in litigation only for *Spokeo* to rule that this Court lacks jurisdiction to resolve this case."). If a stay is denied, Defendant will be forced to fully litigate this case, all while the Supreme Court could dispose of matters germane to this litigation.

On balance, Defendant submits that any harm it suffers by the denial of a stay outweighs any prejudice (if any) suffered by Plaintiff if the stay is granted. In fact, rather than harm parties

MOTION FOR EXTENSION OF STAY – 8
Cause No.: 2:20-cv-00223-JCC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

by the issuance of any stay, a stay benefits all parties by preventing unnecessary upfront class action litigation expenses for Plaintiff and a costly defense for Defendant, all while this case may become moot after the Supreme Court addresses the constitutionality of the statutory provision at issue in this case. *Cf. Seefeldt*, 2020 U.S. Dist. LEXIS 31815, at *10–11 (recognizing a stay benefits both parties and the Court in light of *Barr*). This is particularly true when, as is the case here, the Supreme Court's rulings could either dispose of this case or significantly limit dispositive motions and debatable issues. *See Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) (noting the possibility that a party's claims will moot the litigation is "sufficient justification to warrant the stay"); *Waltman v. Dorel Juvenile Grp., Inc.*, No. 07-04029, 2009 U.S. Dist. LEXIS 77025, at *6 (E.D. Pa. Aug. 26, 2009 ("While the Court cannot predict with certainty how the Superior Court and/or Supreme Court of Pennsylvania will rule, the possibility that either court may rule that the release is valid, a ruling that would be dispositive of this entire case, is sufficient justification to warrant the stay.").

On balance, the first and second factors relevant to a stay analysis weigh in favor of granting a stay in this case. Any prejudice (if any) to Plaintiff is minimal if a stay is granted. Defendant, however, will be significantly prejudiced if it is required to unnecessarily bear the burden of costly class action litigation, all while a pending case before the Supreme Court could dispose of this action. Accordingly, Defendant's motion for stay should be granted.

### B. The Interests of Judicial Economy Weigh in Favor of a Stay.

The third and final factor (the orderly course of justice) also weighs in favor of a stay. As an initial matter, this case is still in its infancy, with the Complaint having only recently been filed, thus making any stay manageable for the parties and the Court. *See St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*, No. 4:15-CV-01215, 2015 U.S. Dist. LEXIS 150776, at *13 (E.D. Mo.

MOTION FOR EXTENSION OF STAY – 9
Cause No.: 2:20-cv-00223-JCC

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

Nov. 4, 2015) (staying a TCPA action where a Supreme Court decision was pending for, among other reasons, the "very young" age of the case).

Moreover, the constitutionality of the TCPA and the interpretation of the very provisions that will be at issue in this case are currently matters pending before the Supreme Court. Should the motion be denied, the Court will certainly need to address Defendant's motions to dismiss, the inevitable class and discovery-related motions, and potentially, additional dispositive motions – all while the Supreme Court could issue a ruling that disposes of this case entirely. As the Eastern District of Missouri recognized, a stay is "appropriate" under the circumstances to "avoid exhausting judicial resources to decide things like defendants' multifaceted motion to dismiss, plaintiff's pending motion for class certification, and any possible discovery-related matters or summary judgment motions to follow which may prove fruitless. A (relatively) young case, at least from the standpoint of litigation efforts, if not time alone, favors staying this action." *Seefeldt*, 2020 U.S. Dist. LEXIS 31815, at *11.

Under the circumstances, Defendant submits that the orderly course of justice is simplified by a stay of proceedings so that the Supreme Court can issue its ruling and provide a roadmap for the parties and the Court to follow. *See In re Sprouts Farmers Mkt.*, No. MDL-16-02731, 2017 U.S. Dist. LEXIS 80323, *8–9 (D. Ariz. May 24, 2017) ("The Court finds that a stay is in the orderly course of justice, and in the interest of judicial economy, because the Supreme Court's *Morris* decision may foreclose Plaintiff's class claims. Thus, granting a stay may conserve resources which could be unnecessarily expended reviewing the adequacy of the pleadings, resolving discovery disputes, considering class certification, and deciding dispositive

MOTION FOR EXTENSION OF STAY – 10
Cause No.: 2:20-cv-00223-JCC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

motions.").[2]  Therefore, on balance, the orderly course of justice weighs in favor of a stay so that the Supreme Court can simplify matters in this case and, potentially, dispose of this case entirely.

## V.     CONCLUSION

This Court should stay all proceedings pending the Supreme Court's decision in *Duguid*, The Supreme Court is positioned to simplify threshold issues in this case.  The balance of the relevant factors weigh in favor of a stay.  Therefore, Defendant moves the Court to stay these proceedings pending a decision in the aforementioned Supreme Court case.  Defendant submits that it will be responsible for notifying the Court of any change in status of those cases should the Court determine that any change in the stay is warranted based on the Supreme Court's pronouncements.

Dated this 17th day of July, 2020.

FORSBERG & UMLAUF, P.S.

By: *s/ Martin J. Pujolar*
Martin J. Pujolar, WSBA #36049
901 Fifth Avenue, Suite 1400
Seattle, WA 98164-2050
Telephone:  (206) 689-8500
Email: mpujolar@foum.law
Attorney for Defendant

---

[2] *See also Cmty. State Bank v. Strong*, 651 F.3d 1241, 1247 (11th Cir. 2011) (noting that the court had previously "stayed its . . . proceedings" in the case "to await the Supreme Court's decision in *Vaden* [*v. Discover Bank*, 556 U.S. 49 (2009)], which raised a substantially similar jurisdictional question"); *Ass'n. for Disabled Americans, Inc. v. Fla. Int'l Univ.*, 405 F.3d 954, 956 (11th Cir. 2005) (noting that the "appeal was stayed pending the Supreme Court's decision in *Tennessee v. Lane*"); *Colby v. Publix Super Mkts., Inc.*, No. 11-0590, 2012 WL 2357745, at *2–3 (N.D. Ala. 2012); *accord*, *Anker v. Wesley*, 670 F. Supp. 2d 339, 341 (D. Del. 2009) (proceedings stayed after Supreme Court's grant of certiorari in relevant case); *Henderson v. Campbell*, No. 98-4837, 2007 WL 781966, at *3 (N.D. Cal. 2007) (same), *aff'd*, 322 F. App'x 551 (9th Cir. 2009); *Odneal v. Dretke*, 435 F. Supp. 2d 608, 611 (S.D. Tex. 2006) (same*), rev'd in part on other grounds*, 324 F. App'x 297 (5th Cir. 2009) (per curiam); *Michael v. Ghee*, 325 F. Supp. 2d 829, 831–33 (N.D. Ohio 2004) (same).

MOTION FOR EXTENSION OF STAY – 11
Cause No.:  2:20-cv-00223-JCC

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1  Dated this 17th day of July, 2020.

2                                              FORSBERG & UMLAUF, P.S.

3                                              By: *s/ Paul D. Smith*
                                               Paul S. Smith, WSBA #28099
4                                              901 Fifth Avenue, Suite 1400
                                               Seattle, WA 98164-2050
5                                              Telephone:  (206) 689-8500
                                               Email: psmith@foum.law
6                                              Attorney for Defendant

7  Dated this 17th day of July, 2020.

8                                              DINSMORE & SHOHL, LLP

9                                              By: *s/ Karen J. Hockstad*
                                               Karen S. Hockstad, Ohio State Bar #61308
10                                             191 W. Nationwide Blvd., Suite 300
                                               Columbus, OH 43215
11                                             Telephone:  (614) 628-6930
                                               Email:  Karen.hockstad@dinsmore.com
12                                             Attorneys for Defendant, *Pro Hac Vice*

MOTION FOR EXTENSION OF STAY – 12
Cause No.: 2:20-cv-00223-JCC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

**CERTIFICATE OF SERVICE**

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, competent to be a witness herein.

On the date given below I caused to be served a true and correct copy of the foregoing **MOTION FOR EXTENSION OF STAY** on the following individuals via the Court's ECF service, which will give notice to:

Eric R. Draluck
P.O. Box 11647
Bainbridge Island, WA 98110
edraluck@gmail.com

Avi R. Kaufman
Kaufman P.A.
400 NW 26th Street
Miami, FL 33127
kaufman@kaufmanpa.com

DATED at Everett, Washington this 17th day of July, 2020.

*s/ Denise Mary Pope*
Denise Mary Pope

MOTION FOR EXTENSION OF STAY – 13
Cause No.: 2:20-cv-00223-JCC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX